**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DELTA CAREER EDUCATION | ) | Case No. 18-33822-KLP |
| CORP., *et al*., | ) | Chapter 7 |
| | ) | |
| *Debtors*. | ) | (Jointly Administered) |
| | ) | |

**TRUSTEE'S MOTION FOR AUTHORITY TO CONDUCT
EXAMINATIONS AND ISSUE SUBPOENAS PURSUANT TO
RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Harry Shaia, Jr., Trustee (the "**Trustee**"), by counsel, chapter 7 trustee for Delta Career Education Corporation (the "**Debtor**" and collectively with its thirteen (13) direct and indirect subsidiaries who are debtors in this jointly administered case, the "**Debtors**"), respectfully moves the Court, pursuant to section 105 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for entry of an order directing a designated representative from Antares Capital, LP as Administrative Agent for the First Lien Lenders, as those terms are defined in that certain November 22, 2016 Restructuring Agreement ("**Antares**") to produce certain documents and to submit to an examination. In support of this Motion, the Trustee respectfully states as follows:

---

Vernon E. Inge, Jr. (Va. State Bar No. 32699)
Corey S. Booker (Va. State Bar No. 73419)
W<small>HITEFORD</small>, T<small>AYLOR</small> & P<small>RESTON</small>, L.L.P.
Two James Center
1021 East Cary Street, Suite 1700
Richmond, Virginia 23219
Telephone:      804.977.3301 / 804.977.3302
Facsimile:       804.977.3291 / 804.977.3292
E-Mail:            vinge@wtplaw.com
E-Mail:            cbooker@wtplaw.com

*Special Litigation Counsel for Harry Shaia, Jr., Chapter 7 Trustee*

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are Section 105(a) of the Bankruptcy Code and Rules 2004 and 9016 of the Bankruptcy Rules.

**BACKGROUND**

2. The Debtors were engaged in the business of for-profit education and operated a substantial number of colleges and other schools throughout the country. Certain of the Debtors sold certain of their assets to Ancora Intermediate Holdings, LLC. ("**Ancora**") on or about January 18, 2018, pursuant to the Sale Agreement, and thereafter engaged in wind down efforts that included the operation of their remaining businesses through the end of the school year in May 2018 (the "**2018 Ancora Transaction**"). Thereafter, the Debtors ceased all business operations with the exception of liquidation activities culminating with the filing of the Debtors' various bankruptcy cases.

3. This bankruptcy case was commenced by the Debtor's filing of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on July 27, 2018. The other Debtors filed their own voluntary petitions for relief under Chapter 7 of the Bankruptcy Code on July 26 or 27, 2018. The Court entered an Order [D.N. 18] on August 1, 2018, providing for the joint administration of the Debtors' bankruptcy cases (collectively and as jointly administered, the "**Bankruptcy Case**").

4. The Trustee was appointed interim trustee in the Bankruptcy Case and continues to serve as Trustee in this Bankruptcy Case. Among other things, the Trustee engaged special

litigation counsel ("**Special Litigation Counsel**") to investigate potential claims and causes of action belonging to the Debtors' bankruptcy estates (the "**Investigation**") and to prosecute those claims and causes of action that the Trustee determines based on the Investigation to have merit. The Investigation has commenced but is not complete.

5. Prior to the 2018 Ancora Transaction, Antares served as the agent for the group of Lenders who had loaned the Debtors money prior to the 2018 Ancora Transaction.

6. Upon information and belief, Antares participated in the negotiations of the 2018 Ancora Transaction.

## RELIEF REQUESTED

7. By this Motion, the Trustee respectfully requests, pursuant to section 105 of the Bankruptcy Code, Rules 2004 and 9016 of the Bankruptcy Rules, that the Court enter an order authorizing the Trustee: (i) to examine a designated representative of Antares regarding operations of the Debtors from 2013 – 2018, the 2018 Ancora Transaction, and the wind down of the Debtors; and (ii) to issue subpoenas to conduct an examination of a designated representative of Antares and to require Antares to produce documents similar to the scope of documents identified on **Exhibit A** (the "**Requested Documents**").

8. In order to investigate possible assets of the Debtor, the Trustee believes that Antares can provide information that will be useful to him.

## BASIS FOR RELIEF

9. Bankruptcy Rule 2004 provides in relevant part:

(a) *Examination on Motion*. On motion of any party in interest, the court may order the examination of any entity.

        (b)     *Scope of Examination*. The examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter, which may affect the administration of the debtor's estate, or the debtor's right to a discharge . . . .

10.     It is well-established that the scope of a Rule 2004 examination is broad. *See In re Nucletron Mfg. Corp.*, No. 93-34486, 1994 WL 16191611, *2 (Bankr. E.D. Va., Mar. 17, 1994) ("Bankruptcy courts, among others, have long held that the scope of an examination under Bankruptcy Rule 2004 is extremely wide. …"). The purpose of the Rule 2004 examination is to permit "the trustee or parties in interest to ascertain the condition and whereabouts of the assets of the debtor's estate." *In re Martin*, 403 B.R. 359, 362 (Bankr. D.S.C. 2009). If a third person can be shown to have a relationship with the debtor's affairs, the party is subject to a Rule 2004 examination. *In re Mantolesky*, 14 B.R. 973, 977 (D. Mass. 1981).

11.     The entry of an order approving this Motion is warranted in this case.

12.     As described above, Antares has first-hand knowledge of the Debtors' business affairs and potential evidence, including information regarding the Debtors' pre-petition debts and liabilities, the 2018 Ancora Transaction, and general operation of the Debtors colleges and schools. Antares's knowledge is related to the Debtors' business affairs, and a Rule 2004 examination is appropriate.

13.     The Trustee seeks to examine Antares's designated representative and documents in furtherance of his investigation and to determine if there are other claims the Trustee may bring, among other things. Bankruptcy Rule 2004 affords the Trustee the ability to perform the requested examination in this regard.

## WAIVER OF LOCAL RULE 9013-1(G)

14.     The Trustee requests the Court waive Local Rule 9013-1(G)'s requirement for a written memorandum with his Motion because the facts, supporting reasons and legal authority for the Trustee's Motion are contained within the Motion.

## CONCLUSION

WHEREFORE, Harry Shaia, Jr., Trustee, by counsel, respectfully requests the entry of an order substantially similar to **Exhibit B** directing Antares Capital LP's designated representative to submit to an oral examination and for Antares Capital LP to produce documents similar to the documents identified in **Exhibit A**, and granting such other relief as may be appropriate.

HARRY SHAIA, JR., CHAPTER 7 TRUSTEE

/s/ *Corey S. Booker*
Counsel

Vernon E. Inge, Jr. (Va. State Bar No. 32699)
Corey S. Booker (Va. State Bar No. 73419)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
Two James Center
1021 East Cary Street, Suite 1700
Richmond, Virginia 23219
Telephone:    804.977.3301 / 804.977.3302
Facsimile:    804.977.3291 / 804.977.3292
E-Mail:       vinge@wtplaw.com
E-Mail:       cbooker@wtplaw.com

*Special Litigation Counsel for Harry Shaia, Jr., Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of April, 2020, a true and correct copy of the foregoing ***Trustee's Motion for Authority to Conduct Examinations and Issue Subpoenas Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure*** was served on all persons receiving electronic notice in these cases, and by U.S. Mail to those not receiving EFC notifications, including the following:

| | |
|---|---|
| Harry Shaia, Jr., Esq.<br>SPINELLA, OWINGS & SHAIA, P.C.<br>8559 Mayland Drive<br>Richmond, Virginia 23294<br>*Chapter 7 Trustee* | Peter J. Barrett, Esq.<br>KUTAK ROCK L.L.P.<br>901 East Byrd Street, Suite 1000<br>Richmond, Virginia 23219<br>*Counsel for Debtor* |
| William A. Broscious, Esq.<br>KEPLEY BROSCIOUS & BIGGS, PLC<br>2211 Pump Road<br>Richmond, Virginia 23233<br>*Counsel for the Chapter 7 Trustee* | Antares Capital LP<br>ATTN.: C T Corporation System<br>4701 Cox Road, Suite 285<br>Glen Allen, Virginia 23060 |

/s/ *Corey S. Booker*
Corey S. Booker

**Exhibit A**

**DOCUMENTS TO BE PRODUCED BY ANTARES CAPITAL LP
AS ADMINISTRATIVE AGENT FOR THE FIRST LIEN LENDERS
UNDER THE NOVEMBER 22, 2016 RESTRUCTURING AGREEMENT**

**I.     Definitions and Instructions.**

The term, "**documents**," shall have that meaning ascribed to it by the Federal Rules of Civil Procedure, as made applicable in bankruptcy cases pursuant to the Federal Rules of Bankruptcy Procedure.

The term, "**documents**," shall also include and mean, without litigation, the original and copies of any written, recorded, or graphic matter, however produced or reproduced, including, but not limited to, all letters, telegrams, e-mails, electronic data, correspondence, reports, memoranda, contracts, contract modifications, recordings, memorials of telephone conversations or meetings or conferences, interoffice or intraoffice communications and communications with third parties (including contractors, subcontractors, suppliers and legislative or executive personnel), work papers, handwritten notes, minutes, handwritten drafts, press releases, statements, transcripts, desk calendars, personal appointment pads, appointment books, diaries, "rolodex" cards, telephone bills, expense account statements, expense vouchers, credit card charges and receipts, travel records, receipts, canceled checks, or other instruments of payment or indicia of payment, bank statements, notes payable or receivable, endorsements, account statements, comparisons, acknowledgements, analyses, portfolios, ledgers, ledger sheets, books of account (including accounts receivable), journals, audits, accountants' reports, filings with any governmental agency, financial statements, corporate records, purchase orders, timecards, drawings, sketches, specifications, change orders and all construction documents, diagrams or other writings of any nature whatsoever (whether written, handwritten, typed, Xeroxed, photocopied, printed, duplicated, reproduced, recorded, or drafted) however produced or reproduced, or any thing or matter which by itself or in connection with other matters or things will produce an intelligible image or sound containing, reflecting, or recording, in whole or in part, any information (including, without limitation, all interim as well as final drafts, non-identical copies, reports, pictures, drawings, sketches, work sheets, diagrams, handwritten notes, or other recorded material of any kind or nature).

"**Documents**" shall also mean all tapes, discs, information on computer hard drives, paper, and electronic media including hard disks, floppy disks, optical disks, DVD- and CD-ROM disks, magnetic tapes, disaster recovery back-up, computer chips, conferencing or work sessions, electronic mail (e-mail), personal computers (home and office), laptop computers, computing units, personal information on calendars, digital personal assistants, and identifying markers placed on storage devices containing the electronic data. This discovery seeks electronic information whether active (those files listed on a personal computer, file server, or floppy disk), archived (files backed up and sent to storage) and/or transparent (information deleted from the personal computer or the file server but which remains in the system despite not appearing on the computer's directory).

**Exhibit A**

"**Documents**" shall also specifically include originals (and, if originals are not in the Party in Interest's possession, custody or control, then copies of recordings of telephone conversations.

"**Antares**" shall mean all Antares Capital, LP, as administrative agent for the first lien lenders under the November 22, 2016 Restructuring Agreement and all of its officers, employees, agents, parents, subsidiaries, successors, or assigns.

All other capitalized terms have the meaning ascribed to them in the Motion.

**II.    Documents Requested**.

1. All documents related to the payment history of the loans the Debtors owed to the lenders from 2013 to 2018, including but not limited to the amounts paid on any term loans, credit lines, and/or any outstanding letters of credit.

2. All documents related to the amounts the Debtors owed to any of its lenders on January 18, 2018, including but not limited to the amounts owed on any term loans, credit lines, and/or any outstanding letters of credit.

3. All documents showing any amounts paid to the Debtors' lenders in connection with the 2018 Ancora Transaction.

4. All documents related to the release of liens on the assets which were sold to Ancora in the 2018 Ancora Transaction, including any documents related to the basis for releasing such liens.

5. All documents relating to any of the letters of credit following the 2018 Ancora Transaction, including any documents related to the release or termination of the letters of credit and the basis for terminating such letters of credit.

6. All documents related to any cash collateral used to secure any letters of credit and what happened to any such cash collateral following the 2018 Ancora Transaction.

7. All documents that demonstrate the amounts owed to the lenders following the closing of the 2018 Ancora Transaction, including amounts due under any term loans, credit lines, and/or outstanding letters of credit.

8. All documents related to the plan or proposal for getting the lenders paid in full once the borrowers sold substantially all of their assets to Ancora in the 2018 Ancora Transaction.

**Exhibit B**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| In re: ) | |
| ) | |
| DELTA CAREER EDUCATION ) | Case No. 18-33822-KLP |
| CORP., *et al*., ) | Chapter 7 |
| ) | |
| *Debtors*. ) | (Jointly Administered) |
| ) | |

### ORDER GRANTING MOTION FOR AUTHORITY TO
### CONDUCT EXAMINATION AND ISSUE SUBPOENAS PURSUANT
### TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

The matter before the Court in the Motion for Authority to Conduct Examinations and Issue Subpoenas Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Motion"), filed by Harry Shaia, Jr., Chapter 7 Trustee (the "Trustee"), by special litigation counsel. The Court finding that adequate notice has been given and that cause exists for the grant of the relief requested in the Motion, it is hereby ORDERED and DECREED that:

1. The Motion is GRANTED in its entirety.

2. The Trustee is authorized to issue and serve subpoenas pursuant to Bankruptcy Rules 2004 and 9016 and Federal Rule of Civil Procedure 45 on Antares Capital LP seeking the production of documents and examination of witnesses concerning the Debtors and the subjects identified on Exhibit A of the Motion.

---

Vernon E. Inge, Jr. (Va. State Bar No. 32699)
Corey S. Booker (Va. State Bar No. 73419)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
Two James Center
1021 East Cary Street, Suite 1700
Richmond, Virginia 23219
Telephone:       804.977.3301 / 804.977.3302
Facsimile:        804.977.3291 / 804.977.3292
E-Mail:             vinge@wtplaw.com
E-Mail:             cbooker@wtplaw.com

*Special Litigation Counsel for Harry Shaia, Jr., Chapter 7 Trustee*

**Exhibit B**

ENTERED: _____

_____
KEITH L. PHILLIPS
UNITED STATES BANKRUPTCY JUDGE

**WE ASK FOR THIS:**

/s/ *Corey S. Booker*
Vernon E. Inge, Jr. (Va. State Bar No. 32699)
Corey S. Booker (Va. State Bar No. 73419)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
Two James Center
1021 East Cary Street, Suite 1700
Richmond, Virginia 23219
Telephone:    804.977.3301 / 804.977.3302
Facsimile:    804.977.3291 / 804.977.3292
E-Mail:       vinge@wtplaw.com
              cbooker@wtplaw.com

*Special Litigation Counsel for Harry Shaia, Jr., Chapter 7 Trustee*

**Exhibit B**

# CERTIFICATE OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

I hereby certify that the foregoing *Order Granting the Motion for Authority to Conduct Examination and Issue Subpoenas Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* has been served upon or endorsed by all necessary parties.

/s/ *Corey S. Booker*
Corey S. Booker

## SERVICE LIST

Harry Shaia, Jr., Esq.
SPINELLA, OWINGS & SHAIA, P.C.
8559 Mayland Drive
Richmond, Virginia 23294
*Chapter 7 Trustee*

William A. Broscious, Esq.
KEPLEY BROSCIOUS & BIGGS, PLC
2211 Pump Road
Richmond, Virginia 23233
*Counsel for the Chapter 7 Trustee*

Peter J. Barrett, Esq.
KUTAK ROCK L.L.P.
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
*Counsel for Debtor*

Antares Capital, LP
ATTN.: C T Corporation System
4701 Cox Road, Suite 285
Glen Allen, Virginia 23060