IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DELTA CAREER EDUCATION | ) | Case No. 18-33822-KLP |
| CORP., *et al.*, | ) | Chapter 7 |
| | ) | |
| *Debtors*. | ) | (Jointly Administered) |
| | ) | |
| HARRY SHAIA, JR., Trustee, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. _____ |
| | ) | |
| DIXON HUGHES GOODMAN, LLP, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

## **COMPLAINT**

Harry Shaia, Jr., Trustee (the "**Trustee**"), by counsel, chapter 7 trustee for the bankruptcy estates of Delta Career Education Corporation (the "**Debtor**" and collectively with its 13 direct and indirect subsidiaries who are debtors in this jointly administered case, the "**Debtors**"),[1] by

---

[1] In addition to Delta Career Education Corporation, the following 13 related entities filed chapter 7 bankruptcy cases: Academy of Court Reporting, Inc. (Case No. 18-33819); Atlantic

Vernon E. Inge, Jr. (Va. State Bar No. 32699)
Corey S. Booker (Va. State Bar No. 73419)
Robert N. Drewry (Va. State Bar No. 91282)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
Two James Center
1021 East Cary Street, Suite 1700
Richmond, Virginia 23219
Telephone:        804.977.3301
Facsimile:         804.977.3291
E-Mail:              vinge@wtplaw.com
E-Mail:              cbooker@wtplaw.com
E-mail:              rdrewry@wtplaw.com

*Special Litigation Counsel for Harry Shaia, Jr., Chapter 7 Trustee*

and through his special litigation counsel, and pursuant to 11 U.S.C. §§ 547, 548, 550, and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure, states as follows for his Complaint to avoid certain transfers to Dixon Hughes Goodman, LLP ("**Defendant**") to recover for the benefit of the Estate such transfers from the Defendant.

## Jurisdiction and Venue

1. On July 26 and 27, 2018 (the "**Petition Date**"), the Debtor and its 13 entities filed voluntary petitions under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") in this Court (the "**Bankruptcy Court**"), commencing these cases (collectively, the "**Case**").

2. On August 1, 2018, the Bankruptcy Court entered the Order (I) Directing Joint Administration of Chapter 7 Cases and (II) Granting Related Relief. [Dkt. No. 18].

3. On July 27, 2018, the Trustee was appointed interim trustee in the Case, and continues to serve as Trustee in this Case. [Dkt. No. 6].

4. This adversary proceeding arises under Title 11. The Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334.

5. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

6. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

Coast Colleges, Inc. (Case No. 18-33820) Berks Technical Institute, Inc. (Case No. 18-33821); Creative Circus, Inc. (Case No. 18-33814); Delta Educational Systems, Inc. (Case No. 18-33818); McCann Education Centers, Inc. (Case No. 18-33828); McCann School of Business and Technology, Inc. (Case No. 18-33825); Miller-Motte Business College, Inc. (Case No. 18-33827); National Career Education, Inc. (Case No. 18-33829); Palmetto Technical College, Inc. (Case No. 18-33801); Piedmont Business Colleges, Inc. (Case No. 18-33830); Southwest

**Parties**

7. The Trustee is the chapter 7 trustee for the bankruptcy estates of the Debtors (collectively, the "**Estates**").

8. Defendant is a person, as defined by § 101(41) of the Bankruptcy Code, residing in and/or conducting business in the United States and was transacting business with the Debtors prior to the commencement of the Case.

**COUNT I:  Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547**

9. The allegations set forth in the preceding paragraphs are incorporated as if fully stated herein.

10. The Debtors caused the transfer (or transfers) of at least $100,000.00 from a bank account owned by the Debtors to Defendant (collectively, the "**Transfers**"). Accordingly, the Transfers constitute transfers of an interest of the Debtors in property.

11. Defendant was the initial transferee of the Transfers.

12. At the time of the Transfers, the Debtors owed Defendant money for goods and/or services Defendant had provided to the Debtors. The transfers were made to or for the benefit of Defendant, who was a creditor of the Debtors. Defendant's claim against the Debtors for which the Transfers were made was antecedent debt.

13. Each of the Transfers was made while the Debtors were insolvent, as that term is defined by § 101(32) of the Bankruptcy Code.

14. The Transfers were made on or within 90 days of the Petition Date.

---

Business Colleges, Inc. (Case No. 18-33831); The Miami-Jacobs Business College Company (Case No. 18-33826).

15. The Transfers enabled Defendant to receive more than it would have received in a Chapter 7 case had: (a) the Transfers not been made; and (b) Defendant received payment on its claim to the extent provided by the Bankruptcy Code.

16. Accordingly, the Trustee is entitled to avoid the Transfers pursuant to § 547 of the Bankruptcy Code.

### COUNT II: Avoidance of a Transfer of Property Pursuant to § 548(a)(1)(B)

17. The allegations set forth in the preceding paragraphs are incorporated as if fully stated herein.

18. The Debtor did not receive reasonably equivalent value in exchange for the Transfers.

19. The Debtors were insolvent, as that term is defined by § 101(32) of the Bankruptcy Code, on the date the Transfers were made or became insolvent as a result of the Transfers.

20. The Transfers were made on or within two years before the Petition Date.

21. Accordingly, the Trustee is entitled to avoid the Transfers pursuant to § 548 of the Bankruptcy Code.

### COUNT III: Prejudgment Interest

22. The allegations set forth in the preceding paragraphs are incorporated as if fully stated herein.

23. On or about June 26, 2020 (the "**Demand Date**"), the Trustee, by counsel, made demand upon Defendant for recovery of the Transfers.

4

24. Defendant has failed or refused to pay the amount due to the Estates despite the Trustee's demand for payment.

25. The Trustee was unnecessarily delayed in his recovery of the Transfers by Defendant's failure to respond to the Trustee's demand for return of the Transfers.

26. Grounds exist for the grant of prejudgment interest on the value of the Transfers from the date of the Trustee's demand letter until the entry of judgment in this proceeding to compensate the Estate for the delay arising from Defendant's refusal to return the Transfers.

### COUNT IV: Recovery Pursuant to 11 U.S.C. § 550

27. The allegations set forth in the preceding paragraphs are incorporated as if fully stated herein.

28. Upon the avoidance of the Transfers, the Debtors may recover the Transfers, or the value thereof, including prejudgment interest, from Defendant, pursuant to § 550 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Harry Shaia, Jr., Trustee, requests that this Court enter an order:

a) avoiding the Transfers pursuant to 11 U.S.C. §§ 547 and 548;

b) granting judgment against Defendant in the amount of the Transfers pursuant to 11 U.S.C. § 550;

c) disallowing any and all claims of Defendant pursuant to 11 U.S.C. § 502;

d) awarding interest at the maximum legal rate from the Demand Date until payment in full;

e) awarding costs of suit herein; and

f) granting such other relief as may be appropriate under the circumstances.

                            HARRY SHAIA, JR., CHAPTER 7 TRUSTEE

                            /s/ *Corey S. Booker*
                            Counsel

Vernon E. Inge, Jr. (Va. State Bar No. 32699)
Corey S. Booker (Va. State Bar No. 73419)
Robert N. Drewry (Va. State Bar No. 91282)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1021 East Cary Street, Suite 1700
Richmond, Virginia 23219
Telephone:    804.977.3301
Facsimile:    804.977.3291
E-Mail:    vinge@wtplaw.com
E-Mail:    cbooker@wtplaw.com
E-Mail:    rdrewry@wtplaw.com

*Special Litigation Counsel for Harry Shaia, Jr., Chapter 7 Trustee*

6