UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: ) | |
| ) | |
| DELTA CAREER EDUCATION ) | Case No. 18-33822-KLP |
| CORP., *et al*., ) | Chapter 7 |
| ) | |
| *Debtors*. ) | (Jointly Administered) |

**TRUSTEE'S LIMITED OBJECTION AND RESERVATION OF RIGHTS TO THE MOTION FOR ENTRY OF AN ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW FOR PAYMENT BY THE INSURERS UNDER CERTAIN D&O POLICIES**

Harry Shaia, Jr., Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estates (the "**Estates**") of Delta Career Education Corporation (the "**Debtor**" and collectively with its 13 direct and indirect subsidiaries[1] who are debtors in this jointly administered case, the "**Debtors**"), by counsel, submits this Limited Objection and Reservation of Rights ("**Limited Objection**") to the Motion for Entry of an Order Modifying the Automatic Stay to Allow for Payment by the Insurers

---

[1] In addition to Delta Career Education Corporation, the following 13 related entities filed chapter 7 bankruptcy cases: Academy of Court Reporting, Inc. (Case No. 18-33819); Atlantic Coast Colleges, Inc. (Case No. 18-33820) Berks Technical Institute, Inc. (Case No. 18-33821); Creative Circus, Inc. (Case No. 18-33814); Delta Educational Systems, Inc. (Case No. 18-33818); McCann Education Centers, Inc. (Case No. 18-33828); McCann School of Business and Technology, Inc. (Case No. 18-33825); Miller-Motte Business College, Inc. (Case No. 18-33827); National Career Education, Inc. (Case No. 18-33829); Palmetto Technical College, Inc. (Case No. 18-33801); Piedmont Business Colleges, Inc. (Case No. 18-33830); Southwest Business Colleges, Inc. (Case No. 18-33831); The Miami-Jacobs Business College Company (Case No. 18-33826).

Vernon E. Inge, Jr. (Va. State Bar No. 32699)
Corey S. Booker (Va. State Bar No. 73419)
Robert N. Drewry (Va. State Bar No. 91282)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
Two James Center
1021 East Cary Street, Suite 1700
Richmond, Virginia 23219
Telephone:      804.977.3301
Facsimile:       804.977.3291
E-Mail:            vinge@wtplaw.com
E-Mail:            cbooker@wtplaw.com
E-mail:            rdrewry@wtplaw.com

*Special Litigation Counsel for Harry Shaia, Jr., Chapter 7 Trustee*

Under Certain D&O Policies (D.N. 154) (the "**Motion**") filed herein on August 24, 2020 by Movants, R. David Andrews, Nicholas A. Orum, Williard E. Lynn and Andrew J. Meyers and joined by John P. Olsen (D.N. 157), Bill Nance (D.N. 158), and Charles P. Brissman, Timothy J. Ryder and Kevin A. Smith (D.N. 159) (collectively, the "**Movants**"). In support of this Limited Objection, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT[2]

1. The Trustee does not oppose the relief sought by the Movants in the Motion; provided, however, that the order granting the Motion: (i) require Movants to provide summary of legal fees and expenses monthly, not bi-monthly; and (ii) reserve the Trustee's right to object to the relief sought in the motion in the event Movants are extinguishing an unreasonable amount of the insurance policy's proceeds.

## BACKGROUND

### The Chapter 7 Case

2. This bankruptcy case was commenced by the Debtors filing of voluntary petitions for relief under Chapter 7 of the Bankruptcy Code on July 26 and 27, 2018 (the "**Petition Date**").

3. The Court entered an Order (D.N. 18) on August 1, 2018, providing for the joint administration of the Debtors' bankruptcy cases (collectively and as jointly administered, the "**Bankruptcy Case**").

4. On July 24, 2020, the Trustee filed his Complaint against the Debtors' directors and officers asserting a number of causes of actions relating to, their acts arising out of and relating to,

---

[2] All capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion.

2

among other things, a transaction on January 18, 2018, pursuant to which Delta Career Education Corporation (the "**Debtor Holding Company**") and its subsidiary companies sold certain assets to Ancora Intermediate Holdings, LLC (the "**Ancora Transaction**"). It also arises out of and relates to the subsequent closure of the Debtors' schools following the Ancora Transaction (the "**Adversary Proceedings**").

5. Prior to and following the Petition Date, the Debtors maintained a number of liability insurance policies, including a D&O policy, a Fiduciary Liability Insurance policy, and an Employment Practices Liability Insurance policy (the "**Policies**").[3]

6. In the Motion, the Movants seek to modify the automatic stay allowing certain insurance companies to advance defense costs incurred in the Adversary Proceedings by the Movants from the proceeds of the Policies pursuant to the terms and conditions of the Policies.

## LIMITED OBJECTION

7. The Trustee does not object to the Movants' ability to use the proceeds from the Policies for the advancement of defense costs. The Trustee, however, objects to certain aspects of the proposed form of order to the Motion as set forth herein.

8. Here, the Policies provide an aggregate policy limit; thus, the Movants' use of the proceeds from the Policies reduces any potential recovery and/or proceeds to the Debtors' Estate.

9. Consequently, the Movants' ability to utilize the proceeds should not go unfettered, particularly because the Trustee is still investigating whether there are other claims that may be covered by the Policies.

---

[3] In addition to the Debtor's underlying policy, the Debtor maintained the Delta Excess Policies and the Delta Winding Down Policy. *See* D.N. 154 (Motion for Entry of an Order Modifying The Automatic Stay to Allow For Payment By the Insurers Under Certain D&O Policies, ¶ 9).

10. To the extent there is a claim or claims which the Policies cover, proceeds of the Policies could flow to the Estate as direct defense costs or other Estate proceeds. *See In re Louisiana World Exposition*, 832 F.2d 1391, 1399 (5th Cir. 1987) (stating the question is not who owns the policies, but who owns the liability proceeds).

11. In evaluating insurance claims, "it is necessary to examine what equitable interest, if any, a debtor has to those proceeds when the contract is one of liability." *In re Doug Baity Trucking, Inc.*, 2005 WL 1288018, at *5 (M.D.N.C. April 21, 2005). To do so requires a case-by-case analysis. *See In re Downey Financial Corp.*, 428 B.R. 595, 608-09 (D. Del. 2010). Thus, the Trustee reserves his right to object to the relief should he determine the funds advanced for defense costs are unreasonable.

12. Moreover, Movants seek to provide monitoring of the availability of the Policies' proceeds through a proposed reporting requirement of every other month. The Trustee believes a monthly reporting requirement is more appropriate given that the cost of litigation are inconsistent and could increase substantially during a 60-day period.

## RESERVATION OF RIGHTS

14. The Trustee reserves all of his rights, obligations, and defenses he would otherwise have under the Polices.

15. The Trustee further reserves the right to object to the Movants' use of the Policies' proceeds to the extent those advances become, in the Trustee's business judgment, unreasonable. The Trustee further requests the Movants provide statements of their defense costs on a monthly basis.

16.     The Trustee further reserves all of his rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this Limited Objection, to seek discovery, and to raise additional objections relating to and concerning the Motion.

Dated: September 8, 2020                                         HARRY SHAIA, JR., TRUSTEE

                                                                                       /s/ *Corey S. Booker*

Vernon E. Inge, Jr. (Va. State Bar No. 32699)
Corey S. Booker (Va. State Bar No. 73419)
Robert N. Drewry (Va. State Bar No. 91282)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
Two James Center
1021 East Cary Street, Suite 1700
Richmond, Virginia 23219
Telephone:    804.977.3301
Facsimile:    804.977.3291
E-Mail:       vinge@wtplaw.com
E-Mail:       cbooker@wtplaw.com
E-Mail:       rdrewry@wtplaw.com

*Special Litigation Counsel for Harry Shaia, Jr., Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2020, a true and correct copy of the foregoing *Trustee's Limited Objection and Reservation of Rights to the Motion for Entry of an Order Modifying the Automatic Stay to Allow for Payment by the Insurers Under Certain D&O Policies* was served on all persons receiving electronic notices in these cases and/or by first-class, postage-prepaid, U.S. mail upon the following:

>Harry Shaia, Jr., Trustee
>SPINELLA, OWINGS & SHAIA, P.C.
>8559 Mayland Drive
>Richmond, Virginia 23294
>
>William A. Broscious, Esq.
>KEPLEY BROSCIOUS & BIGGS, PLC
>2211 Pump Road
>Richmond, Virginia 23233
>
>Tyler F. Brown, Esq.
>Justin F. Paget, Esq.
>Nathan Kramer, Esq.
>HUNTON ANDREWS KURTH LLP
>Riverfront Plaza, East Tower
>951 East Byrd Street
>Richmond, Virginia 23219
>
>Peter J. Barrett, Esq.
>Brian H. Richardson, Esq.
>KUTAK ROCK L.L.P.
>901 East Byrd Street, Suite 1000
>Richmond, Virginia 23219
>
>David R. Ruby, Esq.
>William D. Prince IV, Esq.
>THOMPSONMCMULLAN, P.C.
>100 Shockoe Slip, 3rd Floor
>Richmond, Virginia 23219
>
>David G. Browne, Esq.
>SPIRO & BROWNE PLC
>6802 Paragon Place, # 410
>Richmond, Virginia 23230

Jennifer Jo West, Esq.
Patricia J. Bugg Turner, Esq.
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219

Ann B. Brogan, Esq.
DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23510

AIG, Financial Lines Claims
Post Office Box 25947
Shawnee Mission, Kansas 66225

National Union Fire Insurance Company of Pittsburgh, Pa.
c/o Corporation Service Company
100 Shockoe Slip, Floor 2
Richmond, Virginia 23219

ARGO GROUP US
Management Liability – Claims
101 Hudson Street, Suite 1201
Jersey City, New Jersey 07302

ARGO GROUP US
c/o Corporation Service Company
100 Shockoe Slip, Floor 2
Richmond, Virginia 23219

/s/ *Corey S. Booker*
Corey S. Booker